The Director of the Office of Lawyers Professional Responsibility has filed a petition for disciplinary action alleging that respondent Patrick Michael Sutton has committed professional misconduct in various states, warranting public discipline, namely: that respondent entered into improper limited-scope fee agreements without obtaining informed consent; entered into improper fee agreements that contained impermissible terms that circumvented respondent's obligations under the applicable rules of professional conduct; failed to fully communicate with clients; engaged in the unauthorized practice of law in California; and threatened to withdraw from representation even though the withdrawal would violate the applicable rules of professional conduct. Respondent's alleged conduct violated Rules 1.2(c), 1.4(b), 8.4(a), and 8.4(d), Pennsylvania Rules of Professional Conduct ; Rules 1.2(c), 8.4(a), 8.4(d), 1.16(b), and 1.16(d), Florida Rules of Professional Conduct; California Business and Professions Code §§ 6125, 6126, and 1120; Rule 5.5(a), Minnesota Rules of Professional Conduct ; Rules 1.2(c), 1.4(b), and 8.4(a)(1), Georgia Rules of Professional Conduct ; and Rules 1.2(b), 1.4(b), and 8.4(a), Virginia Rules of Professional Conduct.
Respondent and the Director have entered into a stipulation for discipline. In it, respondent unconditionally admits the allegations in the petition, waives his rights under Rule 14, Rules on Lawyers Professional Responsibility (RLPR), and with the Director recommends that the appropriate discipline is a 60-day suspension.
The court has independently reviewed the file and approves the recommended disposition.
Based upon all the files, records, and proceedings herein,
IT IS HEREBY ORDERED THAT:
1. Respondent Patrick Michael Sutton is suspended from the practice of law for a minimum of 60 days, effective 14 days from the date of this order.
2. Respondent shall comply with Rule 26, RLPR (requiring notice of suspension to clients, opposing counsel, and tribunals).
3. Respondent shall pay $900 in costs pursuant to Rule 24, RLPR.
4. Respondent shall be eligible for reinstatement to the practice of law following the expiration of the suspension period provided that, not less than 15 days before the end of the suspension period, respondent files with the Clerk of the Appellate Courts and serves upon the Director an affidavit establishing that he is current in continuing legal education requirements, has complied with Rules 24 and 26, RLPR, and has complied with any other conditions for reinstatement imposed by the court.
5. Within 1 year of the date of the filing of this order, respondent shall file with the Clerk of the Appellate Courts and serve upon the Director proof of successful completion of the written examination required for admission to the practice of law by the State Board of Law Examiners on the subject of professional responsibility. Failure to timely file the required documentation shall result in automatic resuspension, as provided in Rule 18(e)(3), RLPR.
*37 BY THE COURT:
/s/ Lorie S. Gildea
Lorie S. Gildea
Chief Justice